# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
September 19, 2001 Session

## CHARLES E. ROBINSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County**
**No. 899-272     Donald P. Harris, Judge**

---

**No. M2000-02250-CCA-R3-PC - Filed March 11, 2002**

---

The petitioner, Charles E. Robinson, appeals the trial court's dismissal of his petition for post-conviction relief as time-barred. The petitioner asserts that, because he was unilaterally denied the opportunity for second-tier review of his conviction, due process requires tolling of the statute of limitations. The judgment of the trial court is reversed and remanded.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed and Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Gene Honea, Assistant Public Defender, for the appellant, Charles E. Robinson.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; and Mary Katherine Harvey, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

In December of 1993, the petitioner was convicted in Williamson County of one count of simple possession of cocaine and one count of selling cocaine. The trial court imposed an effective sentence of 12 years, 11 months, and 29 days, to be served consecutively to a prior sentence. This court affirmed the convictions on June 13, 1995. State v. Charles E. Robinson, No. 01C01-9404-CCA-00123 (Tenn. Crim. App., at Nashville, June 13, 1995).

Although not a part of this record, the petitioner apparently filed a petition for post-conviction relief in 1997 and later entered a voluntarily dismissal. In January of 1998, the petitioner filed a "Motion to Reopen and Amended Motion for Post-Conviction Relief and Amended Petition for Writ of Habeas Corpus." In that petition, the petitioner acknowledged that the one-year statute of limitations would ordinarily bar the proceeding but argued that it should not apply because his conviction occurred prior to the passage of the 1995 Post-Conviction Procedure Act. On February

13, 1998, the trial court dismissed the petition as untimely and found that the petitioner had failed to allege proper grounds for habeas corpus relief.

In May of 1999, the petitioner filed a pro se application under Rule 10 of the Tennessee Rules of Appellate Procedure seeking permission to late-file an application for permission to appeal to the supreme court. This court denied the application. In August of 1999, the petitioner filed a third petition for post-conviction relief alleging (1) that he was denied the effective assistance of counsel, (2) that the state withheld exculpatory evidence, and (3) that the evidence was insufficient to support his convictions. He argued that his counsel was ineffective for failing to file an application for permission to appeal to our supreme court, for failing to appeal the trial court's denial of his motion to suppress, and for failing to challenge the credibility of the confidential informant on appeal. After an evidentiary hearing, the trial court dismissed the petition as untimely.

The original Post-Conviction Procedure Act of 1967 did not include a statute of limitations. On July 1, 1986, the General Assembly adopted a three-year statute of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, our legislature passed the new Post-Conviction Procedure Act, which is applicable to all petitions filed after May 10, 1995, and provides, in pertinent part, as follows:

> (a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-202(a).

Tennessee Code Annotated section 40-30-202(b) establishes when a court may consider a petition filed outside the statutory limitations period. That statute provides as follows:

> (b) No court shall have jurisdiction to consider a petition filed after such time unless:
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial, if retrospective application of that right is required. . . . ;

> (2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

Tenn. Code Ann. § 40-30-202(b).

In Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), our supreme court held that in certain situations application of the statute of limitations in a post-conviction proceeding might violate constitutional due process. In determining whether there has been such a violation, the essential question is whether the time period allowed by law provides the petitioner a fair and reasonable opportunity to file suit. Id. In Burford, the petitioner could not have filed within the three-year limitation absent a determination on his prior post-conviction petition. Our supreme court ruled that Burford was "caught in a procedural trap and unable to initiate litigation . . . despite the approach of the three-year limitation." Id.

Recently, our supreme court, in Williams v. State, 44 S.W.3d 464 (Tenn. 2001), held that strict application of the statute of limitations to cases in which a petitioner has been unilaterally deprived of the opportunity to seek second-tier review of his convictions might violate due process. Williams's attorney filed a motion to withdraw as counsel some nine months after his convictions were affirmed by this court. His motion included an assertion that he had timely sent a notification of the disposition of the appeal but later learned that Williams did not receive the notification. Counsel then asked for additional time within which to file an application for permission to appeal to the supreme court. The request was denied as untimely. Williams then filed a pro se petition for post-conviction relief outside the one-year statute of limitations. Our supreme court ruled that "due process considerations may have tolled the running of the statute of limitations for filing a post-conviction petition" and remanded the case "for an evidentiary hearing to determine the circumstances surrounding [Williams'] filing of his post-conviction petition." Id. at 467.

In Williams, our high court emphasized that an attorney's misrepresentation, as opposed to mere negligence, could result in due process tolling. Id. at 468-71. It determined that "an attorney's misrepresentation . . . would also be beyond a defendant's control" and could preclude the defendant from independently seeking relief. Id. at 469. Specifically, the court concluded that "[i]f Williams was under the impression that a Rule 11 application was pending during this time, then he was precluded from acting pro se to pursue post-conviction relief while presumably being represented by counsel." Id. at 471. Our supreme court observed that "[t]he question, then, is whether the appellee was, in fact, misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period." Id. The limitations period is tolled "during [the] time when the [petitioner] was unable to seek [post-conviction] relief." Id. at 464.

Here, the petitioner asserts that because his appellate counsel failed to file a Rule 11 application for permission to appeal to our supreme court, he was denied the right to second-tier review of his appeal. The petitioner claimed at the evidentiary hearing that he did not recall any conversation with counsel regarding the filing of a Rule 11 application. Contending that he was always under the impression that his attorney had appealed to the supreme court, he testified that when he was arrested for a parole violation, he informed officers that his case was "up at the supreme court."

The petitioner's trial counsel testified that the petitioner made his appeal bond the same day this court released its opinion affirming his convictions and expressed a desire to stay out of jail as long as possible. Trial counsel stated that he chose not to file a Rule 11 application, believing that this would enable the petitioner to avoid jail for a greater period of time. He also contended that, while the petitioner did not "affirmatively" consent to the strategy, the petitioner understood that he did not intend to file a Rule 11 application. Trial counsel testified that the petitioner's paramount concern was avoiding jail for as long as possible and that he was able to remain free for approximately eighteen months after this court released its opinion. Trial counsel acknowledged that he did not inform the petitioner that he had 60 days to file a pro se Rule 11 application or that he had only one year to file a petition for post-conviction relief. Trial counsel failed to withdraw or otherwise comply with Rule 14 of the rules of the supreme court and was later disciplined by the Board of Professional Responsibility for his failure to follow the proper procedures. Trial counsel contended that a Rule 11 application would have been futile.

At the conclusion of the evidentiary hearing, the trial court determined that there was no case law which provided for tolling of the statute of limitations. While the trial court found that counsel failed to comply with the provisions of Rule 14, it did not make a finding with regard to any misrepresentation by counsel.

The rule in Williams entitles the petitioner to a hearing to determine whether due process requires the tolling of the statute of limitations. In consequence, this cause is remanded to the trial court for a determination of whether the petitioner was, in fact, misled by counsel. On remand, the trial court shall determine (1) whether the circumstances are such that due process tolled the statute of limitations so as to give the petitioner a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner and (2) if so, whether the petitioner's filing of his petition on August 6, 1999, was within the reasonable opportunity afforded by the due process tolling. See Williams, 44 S.W.3d at 471.

The judgment of the trial court is reversed and the cause is remanded for an evidentiary hearing.

_____
GARY R. WADE, PRESIDING JUDGE

-4-